# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. WEST,<br><br>        Petitioner,<br><br>   v.<br><br>PAUL LOPEZ, Warden<br><br>        Respondent. | 1:11-cv-00852-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 10, 2011, Petitioner filed his petition for writ of habeas corpus in this Court in the United States District Court for the Northern District of California. (Doc. 1). On May 24, 2011, the case was transferred to this Court. (Doc. 6). In the order of transfer, the Northern District indicated that Petitioner was filing a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials were unlawfully interfering with his mail delivery service. (Doc. 4, p. 1).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule

4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

     Here, the petition can be charitably characterized as a rambling series of cryptic–at times incoherent–statements.  For example, at one point Petitioner states that "No man is as a island unto itself."  (Doc. 1, p. 9).  At another point, Petitioner encourages the reader to take "deep relax [sic] breathing exercises for calming of both spirit and mind."  (Id.).  However, for purposes of this Court's habeas jurisdiction, several points appear undisputed.  First, as the Northern District court noted, Petitioner does appear to be challenging actions by Respondent's employees who, according to Petitioner, are interfering with Petitioner's prison mail service.  (Id., p. 2).  Second, Petitioner clearly indicates that he is challenging "conditions of confinement."  (Id.).  Moreover, the petition is entirely devoid of any statements or allegations suggesting that Petitioner is challenging a conviction or sentence.

     Therefore, the Court agrees with the Northern District court that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

///

**ORDER**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

For the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 2, 2011**                              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE